UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
MAR 11 2005
MICHAEL N. MILBY, CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHLEEN MIMS and KEVIN KEEVICAN, on Behalf of Themselves and Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. _____ |
| vs. | § § | H 05 -0791 |
| STARBUCKS CORPORATION and DOES 1 through 100, | § § § | |
| Defendants. | § § § | [COLLECTIVE ACTION] JURY TRIAL DEMANDED |

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

Plaintiffs Kathleen Mims ("Mims") and Kevin Keevican ("Keevican") (collectively "Plaintiffs") bring this collective action complaint on behalf of themselves and others similarly situated to recover unpaid overtime wages from Starbucks Corporation ("Starbucks") and Does 1 through 100 ("Does") (collectively "Defendants").

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. The overtime requirements of the FLSA serve the purposes of: 1) spreading out employment by placing financial pressure on the employer to hire additional workers rather than employing the same number of workers for longer hours; and 2) compensating employees who work overtime.

3. Starbucks violates the FLSA by failing to pay its managers time and one-half for each hour worked in excess of forty (40) per workweek. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under section 216(b) of the FLSA.

## II. JURISDICTION AND VENUE

4. This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. § 201, *et seq.*

5. Plaintiffs' claims arise under section 16(b) of the FLSA, 29 U.S.C. § 216(b). In connection with the acts and course of conduct alleged in this complaint, Plaintiffs engaged in commerce or in the production of goods for commerce. Further, Starbucks is an employer that engaged and continues to engage in commerce or in the production of goods for commerce and is therefore covered by the FLSA.

6. Venue is proper in the Southern District of Texas – Houston Division because a substantial part of the acts and conduct charged herein occurred in this district.

## III. THE PARTIES

7. Plaintiff Kathleen Mims is a resident of Harris County, Texas. Mims was an employee employed by Starbucks within the meaning of the FLSA. Mims' consent to this action is attached as Exhibit 1.

8. Plaintiff Kevin Keevican is a resident of Harris County, Texas. Keevican was an employee employed by Starbucks within the meaning of the FLSA. Keevican's consent to this action is attached as Exhibit 2.

9. The class of similarly situated employees consists of all current and former store managers of Starbucks who were not paid time and one-half for each hour worked in excess of forty (40) per workweek. These similarly situated persons are referred to as "Members of the Class" or "the Class."

10. Defendant Starbucks is a foreign corporation, qualified to do and doing business in Texas, and is within the jurisdiction of this Court. Starbucks is an "employer" under the FLSA and acted as such in relation to Plaintiffs and Members of the Class. Starbucks may be served with process through its registered agent, Prentice Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

11. At this time, Plaintiffs are unaware of the true names and capacities of the defendants sued herein as Does 1 through 100, inclusive, and therefore Plaintiffs sue such defendants by fictitious names. Plaintiffs will seek leave of this Court to amend this Complaint when Plaintiffs ascertain the true names and capacities of Does, who are individuals and/or entities. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants was responsible for the occurrences alleged herein and proximately caused the injuries and damages sustained by Plaintiffs alleged herein.

## IV. FACTS UNDERLYING THE CLAIMS

12. Plaintiffs are former employees who were employed by Starbucks as store managers. As store managers, Plaintiffs' primary duties consisted of performing the duties of baristas, who are classified by Starbucks as non-exempt, hourly employees. These barista duties included, among other things, waiting on customers, making drinks for customers, serving customers, operating the cash register, ensuring that the store remained clean and orderly, and cleaning and maintaining store equipment. Indeed, Starbucks required Plaintiffs to work a minimum of thirty (30) hours per workweek performing the duties of non-exempt baristas. However, in an effort to keep their respective stores running properly, Plaintiffs often had to spend forty (40)—and sometimes even fifty (50)—hours per workweek, on average, performing barista duties.

13. Although Plaintiffs did perform some managerial duties as store managers, Plaintiffs performed such duties less than forty percent (40%) of their time while employed by Starbucks. Plaintiffs rarely exercised discretionary powers, and they were not relatively free from supervision concerning matters of significance, including scheduling employees and

making decisions with respect to human resources issues. Any relative freedom from supervision that did exist for Plaintiffs is the same as that which Starbucks afforded, and continues to afford, other non-exempt "managerial" employees, such as shift supervisors and assistant managers. Moreover, the limited managerial duties of Plaintiffs were relatively unimportant in comparison to the non-exempt duties Plaintiffs performed. Accordingly, Plaintiffs' primary job duties were those of non-exempt employees under the FLSA.

14. As store managers, Plaintiffs regularly worked more than forty (40) hours per workweek, and in fact, worked an average of 60-70 hours per workweek.

15. Because Plaintiffs were non-exempt employees, Starbucks was required to pay Plaintiffs time and one-half for each hour worked in excess of forty (40) per workweek. However, Starbucks inappropriately and improperly classified Plaintiffs as exempt employees under the FLSA, and failed to compensate Plaintiffs for all hours they worked in excess of forty (40) hours in a workweek at time and one-half.

16. Starbucks' illegal pattern and practice with respect to denying payment to Plaintiffs for overtime compensation was and is in violation of the FLSA. Starbucks knew or should have known that its policies and practices violate the FLSA, and Starbucks has not made a good faith effort to comply with the FLSA. Rather, Starbucks knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding failure to pay Plaintiffs overtime compensation. Further, as set forth below, other prior and current store managers of Starbucks were subjected to the same wrongful policies, practices, and/or procedures.

### V. COLLECTIVE ACTION ALLEGATIONS

17. Other persons employed by Starbucks as store managers have been victimized by the foregoing patterns, practices, and/or policies, which are in violation of the FLSA. Many of these employees have worked with Plaintiffs over the years and have reported that they were not paid time and one-half for hours worked in excess of forty (40) during a workweek. Thus, from discussions with these employees and former employees, Plaintiffs are aware that the illegal practices or policies imposed on Plaintiffs have been imposed on other current and former store managers employed by Starbucks.

4

18. Accordingly, Starbucks' pattern or practice of failing to pay its store managers time and one-half for all hours worked in excess of forty (40) in a workweek is a generally applicable policy or practice and does not depend on the personal circumstances of the Members of the Class. Thus, the Plaintiffs' experience is typical of the experience of the Members of the Class.

19. All store managers employed by Starbucks who were denied overtime compensation for hours worked in excess of forty (40) in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore defined as:

> All current and former store managers employed by Starbucks at any time during the time period of March 11, 2002 to present who were denied overtime compensation for hours worked in excess of forty (40) in a workweek.

### VI. CAUSES OF ACTION

20. Plaintiffs incorporate herein all allegations contained in paragraphs 1 through 19.

21. Starbucks' practice of failing to pay its store managers overtime compensation at time and one-half for all hours worked in excess of forty (40) hours in a workweek was and is in violation of the FLSA. Accordingly, Plaintiffs and all those similarly situated are entitled to be paid time and one-half for each hour worked in excess of forty (40) per workweek, and to have such overtime calculated in accordance with the Code of Federal Regulations, including commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement.

22. Additionally, Plaintiffs and all those similarly situated are entitled to an amount equal to all their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.

## VII. JURY DEMAND

23.  Plaintiffs hereby demand a trial by jury.

## VIII. PRAYER

24.  WHEREFORE, Plaintiffs Kathleen Mims and Kevin Keevican respectfully request that judgment be entered in their favor, awarding them and all similarly situated employees:

a. overtime wages for all unpaid hours worked in excess of forty (40) hours in a workweek at the rate of one and one-half (1 ½) times their regular hourly rates;

b. an equal amount as liquidated damages as allowed under the FLSA;

c an injunction against further violations;

d reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

e. such other and further relief as may be required by law.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

By: _____
MARTIN A. SHELLIST
State Bar No. 00786487
DARYL J. SINKULE
State Bar No. 24037502
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

OF COUNSEL:
SHELLIST, LORE & LAZARZ, LTD.

**LEAD COUNSEL FOR PLAINTIFFS**

By: _____
MICKY N. DAS
State Bar No. 05402300
ROBERT R. DEBES, JR.
State Bar No. 05626150
5851 San Felipe, Suite 975
Houston, Texas 77057
Telephone: (713) 739-1900
Facsimile: (713) 739-8347

OF COUNSEL:
DAS & DEBES, LTD., L.L.P.

**CO-COUNSEL FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE __Southern__ DISTRICT OF TEXAS
__Houston__ DIVISION

| | |
|---|---|
| __Kathleen Mims__, et al., | § |
| | § |
| Plaintiffs, | § |
| | § |
| vs. | § CIVIL ACTION NO. _____ |
| | § |
| __Starbucks Corporation__, et al., | § |
| | § |
| Defendants. | § |

NOTICE OF CONSENT

I, __KATHLEEN MIMS__, hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid wages under the Fair Labor Standards Act.

DATE: __Feb 2__, 2005.     __Ka/Mims__
                                                Signature

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Kathleen Mims, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| Starbucks Corporation, et al., | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF CONSENT

I, **Kevin John Keevican**, hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid wages under the Fair Labor Standards Act.

DATE: February 26, 2005.

_____
Signature

EXHIBIT 2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KATHLEEN MIMS AND KEVIN KEEVICAN, on Behalf of Themselves and Others Similarly Situated,

### DEFENDANTS
STARBUCKS CORPORATION and DOES 1 through 10

(b) County of Residence of First Listed Plaintiff **HARRIS**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
MARTIN A. SHELLIST/DARYL J. SINKULE
SHELLIST, LORE & LAZARZ, LTD.
1900 West Loop South, Suite 1910
Houston, Texas 77027 (713) 621-2277

Attorneys (If Known)

UNITED
SOUTHERN
FILED
MAR 11 2005

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**29 U.S.C. § 201, et. seq.**
Brief description of cause:
**Plaintiffs seek recovery of unpaid wages.**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE: 3-11-05
SIGNATURE OF ATTORNEY OF RECORD
Martin A. Shellist/Daryl J. Sinkule

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
MAR 11 2005
MICHAEL N. MILBY, CLERK OF COURT